# EXHIBIT 1

Filing # 65880666 E-Filed 12/28/2017 12:54:40 PM

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA.

CASE NO: 562017CA002038AXXXHC

TIMOTHY PRICE,
and other similarly situated individuals,

Plaintiff (s),

vs.

DAWG, INC *d/b/a* THEBESTIRS
a Foreign Profit Corporation and
BRETT S. HARDT, Individually.

Defendants.

_____________________________________/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, Plaintiff, TIMOTHY PRICE ("Plaintiff"), on behalf of himself and other current and former similarly situated employees, by and through undersigned counsel, file this Complaint against Defendants, DAWG, INC *d/b/a* THEBESTIRS a Foreign Profit Corporation and BRETT S. HARDT,. Individually ("Collectively Defendants") and states as follows:

## JURISDICTION

1. This is an action by the Plaintiff, and other similarly-situated individuals, for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), to recover unpaid overtime and/or minimum wage compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, residents of St. Lucie County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, DAWG, INC, having its main place of business in St. Lucie County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, BRETT S. HARDT, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, DAWG, INC.

6. Venue is proper in St. Lucie because all of the actions that form the basis of this Complaint occurred within St. Lucie County and payment was due in Broward County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff, TIMOTHY PRICE was employed with Defendants as a non-exempt Independent Field Adjuster from approximately October 2016 to November 2016.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. During the time period from October 2016 to November 2016, Defendant failed to compensate Plaintiff at the required minimum wage and at rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the correct minimum wage and the rate of one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

12. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

**COUNT I**
***Wage & Hour Federal Statutory Violation Against DAWG, INC***

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

14. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

15. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

16. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

17. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

18. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

19. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

20. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

21. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act

and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

23. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
*Wage & Hour Federal Statutory Violation Against BRETT S. HARDT*
*(Non-Payment of Wages)*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this Complaint as if set out in full herein.

25. At the times mentioned, Defendant **HARDT** was, and is now, a corporate officer of corporate Defendant **DAWG, INC**.

26. Defendant **HARDT** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant **HARDT** acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

27. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

28. Based on this broad definition, Defendant **HARDT**, in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

29. Defendant **HARDT** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant **HARDT**:

A. Adjudge and decree that Defendant **HARDT** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant **HARDT** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986)

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 12-22-17

Respectfully submitted,

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005