UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 18-14038-CIV-MARRA

TIMOTHY PRICE,
and other similarly situated individuals,

    Plaintiff(s),

v.

DAWG, INC. d/b/a THEBESTIRS,
a Foreign Profit Corporation and
BRETT S. HARDT, individually,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR DISMISSAL OF LAWSUIT WITH PREJUDICE**

    Defendants, DAWG, Inc. d/b/a TheBestIRS and Brett S. Hardt (together, "Defendants"), and Plaintiff, Timothy Price ("Plaintiff") (collectively the "Parties"), by and through their undersigned counsel, file this Joint Motion to Approve Settlement Agreement and Joint Stipulation for Dismissal of Lawsuit with Prejudice ("Motion") and state the following in support thereof:

    1.    In his Amended Complaint, Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") and asserts claims for breach of agreement, quantum meruit, and unjust enrichment.

    2.    Defendants dispute Plaintiff's claims.

    3.    In order to avoid the costs and uncertainty of litigation, the Parties negotiated a settlement. As Plaintiff's Amended Complaint includes a claim made under the FLSA, the Parties

now seek approval of the settlement and stipulate to dismissal of the entire action with prejudice, pursuant to Fed. R. Civ. P. 41.

4. The Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982) has been interpreted as holding that a release of back wage claims arising under the FLSA is not enforceable unless: (a) supervised by the Department of Labor, or (b) included in the settlement approved by the Court in an action brought under the FLSA to recover unpaid wages if the parties propose a "compromise" that resolves a "bona fide dispute."

5. The Parties have agreed to settle Plaintiff's claims through the execution of an FLSA settlement agreement. The Parties request that the Court allow the Parties to submit their FLSA settlement agreement via email to the chambers of the Honorable Senior United States District Judge Kenneth A. Marra for *in camera* review. The Parties further request, pursuant to Judge Kenneth A. Marra's procedures, that the Court hold a telephonic hearing to review and approve the terms of the FLSA settlement agreement.

6. The Parties represent that, in accordance with the terms of the settlement agreement, Plaintiff is receiving a reasonable and satisfactory recovery as payment for alleged unpaid wages, plus payment of an agreed upon amount for attorneys' fees and costs, which were negotiated separately without regard to the amount of money paid to settle Plaintiff's claims.

7. Counsel for Defendants provided counsel for Plaintiff with copies of Plaintiff's earning statements, production reports, as well as Defendants' project fee schedule, to arrive at a fair and reasonable resolution of Plaintiff's claims that he was not properly paid for certain hours worked.

8. Plaintiff specifically agrees and stipulates that the terms of the settlement agreement represent a fair and equitable resolution of this matter, as well as Plaintiff's reasonable attorneys'

fees and costs, which were negotiated separately. Additionally, the Parties have been adequately represented by experienced counsel.

9. The Parties request that the Court approve the Parties' settlement as a fair and reasonable resolution of a bona fide dispute under the FLSA.

10. The Parties further stipulate, pursuant to F.R.C.P. 41(a)(1)(A)(ii), to the dismissal *with prejudice* of the entire action upon approval of the settlement by the Court as requested above.

11. The Parties respectfully request that the Court dismiss this action, with prejudice, while retaining jurisdiction to enforce the terms of the settlement for a period of sixty (60) days from the date of the Order of Approval and Dismissal. *See, e.g., Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) allowing the Parties to submit the settlement agreement via email to the chambers of the Honorable Senior United States District Judge Kenneth A. Marra for *in camera* review; (2) holding a telephonic hearing to review and approve the terms of the FLSA settlement agreement; (3) dismissing this action with prejudice; and (4) retaining jurisdiction to enforce the terms of the settlement for a period of sixty (60) days.

Dated: March 27, 2018

Respectfully submitted,

By: *s/ Jason S. Remer*
Jason S. Remer, Esq.
E-mail: *jremer@rgpattorneys.com*
Brody M. Shulman, Esq.
E-mail: *bshulman@rgpattorneys.com*
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone 305-416-5000
Facsimile: 305-416-5005
*Counsel for Plaintiff*

By: *s/ Scott S. Allen*
Scott S. Allen, Esq.
E-mail: *scott.allen@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466
*Counsel for Defendants*

CASE NO. 18-14038-CIV-MARRA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

*s/ Scott S. Allen*
Scott S. Allen, Esq.

**SERVICE LIST**

| | |
|---|---|
| Jason S. Remer, Esq. | Scott S. Allen, Esq. |
| E-mail: *jremer@rgpattorneys.com* | E-mail: *scott.allen@jacksonlewis.com* |
| Brody M. Shulman, Esq. | JACKSON LEWIS P.C. |
| E-mail: *bshulman@rgpattorneys.com* | One Biscayne Tower, Suite 3500 |
| REMER & GEORGES-PIERRE, PLLC | 2 South Biscayne Boulevard |
| 44 West Flagler Street, Suite 2200 | Miami, Florida 33131 |
| Miami, Florida 33130 | Telephone: 305-577-7600 |
| Telephone 305-416-5000 | Facsimile: 305-373-4466 |
| Facsimile: 305-416-5005 | |
| | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |